# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| STEPHEN MACKLEM and MERLE ROYCE, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | No. 10 C 830 |
| v. ) | |
| ) | The Honorable William J. Hibbler |
| MICHAEL PEARL, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Stephen Macklem and Merle Royce brought this action against Michael Pearl claiming defamation under Illinois law. Due to the diversity of the parties and the amount in controversy, this court has jurisdiction pursuant to 28 U.S.C. § 1332. Pearl, who appeared *pro se*, answered the complaint, but now moves to dismiss it. Macklem and Royce move for summary judgment. For the following reasons, the Court denies Pearl's motion to dismiss and grants summary judgment on liability in favor of Macklem and Royce. However, Macklem and Royce provided insufficient information for the Court to make a determination regarding damages. Thus, the Court requests supplemental briefing on that issue from the parties.

### I. Motion to dismiss

Pearl's motion to dismiss is untimely as he filed it after he had already filed an answer and an amended answer to the complaint. Fed. R. Civ. P. 12(b). However, the Court need not decide whether to strike the motion on this technical ground, as it also clearly fails on its face. Motions to dismiss test the sufficiency, not the merits, of the case. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In ruling on such a motion, the Court treats well-pleaded

1

allegations as true, and draws all reasonable inferences in the claimant's favor. *Disability Rights Wisc., Inc. v. Walworth County Bd. of Supervisors*, 522 F.3d 796, 799 (7th Cir. 2008). Pearl's motion, however, contests Plaintiffs' complaint mostly on the merits. He admits that he made most of the statements at issue, but claims that they are not defamatory because they are either true or opinions. He also argues that Plaintiffs have not proven any damages in the case. In other words, two of Pearl's arguments are based on his denials of Plaintiffs' allegations that his statements were false and that they have suffered damages as a result. Because the Court must assume that those allegations were true on a motion to dismiss, the Court must deny Pearl's motion to dismiss insofar as it rests on these grounds.

The only argument Pearl presents that is not based on his denial of Plaintiffs' allegations is that one of his statements was merely opinion. If true, this would provide a valid basis for Pearl's motion. *Giant Screen Sports v. Canadian Imperial Bank of Commerce*, 553 F.3d 527, 533 (7th Cir. 2009) ("The First Amendment...affords protection from liability to a speaker expressing an opinion that does not misstate actual facts"). However, the statement at issue was Pearl's claim that Plaintiffs were "a couple of flim flam men who make money suing and making settlements." This statement clearly contains factual matter. The claim that Plaintiffs "make money suing and making settlements" is a factual claim. And the claim that Plaintiffs were "flim flam men" certainly suggests that, in filing those suits, Plaintiffs participated in deception or fraud. This is also a factual claim. Thus, the Court denies Pearl's motion on this ground as well.

## II. Motion for summary judgment

### A. Standard of review

Summary judgment is appropriate when the "pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact

and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial burden of demonstrating there is no genuine issue of material fact, and judgment as a matter of law should be granted in their favor. *Id.* Once the moving party has met the initial burden, the non-moving party must offer more than a mere scintilla of evidence to survive summary judgment. *Roger Whitmore's Auto. Servs. v. Lake County, Ill.*, 424 F.3d 659, 667 (7th Cir. 2005). The non-moving party must produce specific facts showing there is a genuine issue of material fact, and that the moving party is not entitled to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). Finally, all evidence and inferences must be viewed in the light most favorable to the non-moving party. *Id.* at 255.

In this case, Pearl failed to respond to Plaintiffs' motion for summary judgment, despite the fact that Plaintiffs, pursuant to the Local Rules, provided him with notice of the consequences of such a failure. *See* L.R. 56.2. The consequences are that the Court must treat all of the facts set forth by Plaintiffs that are supported by evidence as admitted by Pearl. For the most part, this does not seem to prejudice Pearl terribly, as he admitted that he made most of the statements at issue in his pleadings.

**B. Background**

Thus, the following facts are undisputed. Macklem is the Chief Financial Officer of Veltex Corporation, a publicly traded company. (Plaintiffs' Rule 56.1(a)(3) Statement of Material Facts (hereinafter "Pl. St.") ¶ 1.) Royce is an attorney who is licensed to practice in the state of Illinois. (Pl. St. ¶ 2) He currently represents Veltex Corporation. (Pl. St. Ex. 7 at ¶ 9.) Pearl is the former Chief Operating Officer of Veltex. (Pl. St. ¶ 3.)

Pearl made various statements about Plaintiffs on an internet message board called "investorshub.com" using the user name "insider909." (Pl. St. ¶¶ 6-11.) On January 20, 2010 he stated, "If all the skeletons ever come out of the closet Macklem will be the one having more than his 'hand slapped'!" (Pl. St. ¶ 7.) In the same post, he stated that Macklem was part of "one of the worst group of scam artists ever" and that "the SEC is just starting with them." (Pl. St. ¶ 8.) On January 30, 2010, he posted, "I want to see honest people running Veltex, not a dishonest person like Steve Macklem." (Pl. St. ¶ 9.) As mentioned above, on February 1, 2010 he stated in a post that Macklem and Royce were "a couple of flim flam men who make money suing and making settlements." (Pl. St. ¶ 10.)

The SEC is not currently investigating, nor has it ever investigated Macklem. (Pl. St. ¶ 12 & Ex. 6 at ¶ 8.) Macklem has never committed any securities crimes. (Pl. St. Ex. 6 at ¶ 8.) Pearl's claim that Plaintiffs are "flim flam men who make money suing and making settlements" is also false. (Pl. St. Ex. 6 at ¶ 9 & Ex. 7 at ¶¶ 13-14.)

Both Macklem and Royce have suffered as a result of Pearl's statements. They both depend on their reputations in doing business. (Pl. St. Ex. 6 at ¶¶ 10-11 & Ex. 7 at ¶¶ 10-11.) Since Pearl made the statements at issue, Royce has not obtained any new clients. (Pl. St. Ex. 7 at ¶ 12.) Macklem has been repeatedly questioned about the veracity of the statements by Veltex shareholders, investors, and a prospective business partner. (Pl. St. Ex. 6 at ¶¶ 12-13.)

**C. Analysis**

To prove a defamation claim under Illinois law, Macklem and Royce must prove that: (1) Pearl made a false statement concerning them; (2) there was an unprivileged publication of the defamatory statement to a third party; and (3) they suffered damages as a result. *Giant Screen Sports*, 553 F.3d at 532. Pearl's statements, as noted above, were false. Moreover, they were

published on an internet message board. He makes no claim that the publication was privileged, as he fails to respond to the motion. Thus, the only question remaining is whether Plaintiffs suffered damages as a result of his statements.

However, Macklem and Royce argue that Pearl's statements qualify as defamation *per se* under Illinois law. If they are able to prove defamation *per se*, they need not prove damages in order to recover. *Dunlap v. Alcuin Montessori School*, 298 Ill. App. 3d 329, 338, 698 N.E.2d 574, 580 (Ill. App. Ct. 1998). Defamation *per se* consists of statements "in which the defamatory character is apparent on its face and when the words used are so obviously and materially harmful that injury to the plaintiff's reputation may be presumed." *Id.* In Illinois, there are five categories of defamatory statements that give rise to a defamation *per se* cause of action: "(1) those imputing the commission of a criminal offense; (2) those imputing infection with a communicable disease which, if true, would tend to exclude one from society; (3) those imputing inability to perform or want of integrity in the discharge of duties of office or employment; (4) those prejudicing a particular party in his or her profession or trade; and (5) those stating false accusations of fornication or adultery." *Id.* Macklem and Royce argue that Pearl's statements fall into the first and third categories.

The Court cannot grant summary judgment if the statements may be given an innocent construction. *Dunlap*, 698 N.E.2d at 580. The question of whether a statement is subject to an innocent construction is a question of law. *Id.* The Court "will not strain to interpret allegedly defamatory words in their mildest and most inoffensive sense." *Dunlap*, 698 N.E.2d at 580. Instead, the Court "must focus on the predictable effect the statement had on those who received publication." *Id.* at 581.

The Court finds that Pearl's statements are not subject to an innocent interpretation. Pearl's statement characterizing Macklem and Royce as "flim flam men" who file frivolous lawsuits in order to obtain settlements, made in the context of their roles as Chief Financial Officer and attorney for Veltex, certainly impute a want of integrity in the discharge of their duties. Thus, that statement constituted defamation *per se*.

Pearl's statement concerning the SEC's supposed investigation of Macklem as a scam artist and his claim that Macklem would be subject to more than a slap on his hand implies that Macklem committed securities fraud. While it is conceivable that the SEC could have been investigating Macklem for something that was not a criminal offense, Pearl clearly suggested that Macklem's conduct was fraudulent and might lead to serious punishment. Thus, the Court would have to strain to interpret the comments as implying something besides the commission of a crime. Regardless of whether the statement implied the commission of a crime, however, it also imputed a want of integrity to Macklem in the discharge of his duties as Veltex's Chief Financial Officer. Thus, this statement also constituted defamation *per se*.

Thus, Macklem and Royce need not prove damages in order to recover. The Court must grant their motion for summary judgment against Pearl as to liability. However, while damages are presumed in an action for defamation *per se*, the amount of damages is still an evidentiary issue. *See Knight v. Chicago Tribune Co.*, 385 Ill. App. 3d 347, 351, 895 N.E.2d 1007 (Ill. App. Ct. 2008). The Court cannot presume substantial damages. *Republic Tobacco Co. v. N. Atl. Trading Co., Inc.*, 381 F.3d 717, 734 (7th Cir. 2004). Macklem and Royce suggest that they can prove specific damages, but they have not provided a monetary figure. Without some guidance, the Court finds that it is unable to determine the appropriate award in this case. For this reason,

if they seek something beyond nominal damages, Macklem and Royce must provide the Court with a supplemental brief supporting a request for damages.

## CONCLUSION

For the above reasons, the Court DENIES Defendant's motion to dismiss and GRANTS Plaintiffs' motion for summary judgment with regard to liability. The Court withholds ruling on the question of damages.

IT IS SO ORDERED.

_5/31/11_
Dated

Hon. William J. Hibbler
United States District Court